IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 2206-02






ALEX ERAZO, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FOURTEENTH COURT OF APPEALS


HARRIS COUNTY





 Cochran, J., filed a concurring opinion in which Meyers and Holcomb,
J.J., joined.


O P I N I O N 



 I join the majority opinion. I write separately only to emphasize that Rule 403
rulings are highly dependant upon the particular circumstances of the case and the specific
context in which the evidence is offered. Rule 403 is a fail-safe mechanism that gives the
trial judge some discretion in excluding relevant, otherwise admissible evidence, when one
of the explicit counterfactors listed in the rule ("the danger of unfair prejudice, confusion
of the issues, or misleading the jury") substantially outweighs the probative value of the
proffered evidence. As an exclusionary principle, it should be applied rarely. (1) Here,
however, it should have been applied.

 I think that this very same photograph might well be admissible in a different case. It
might even have been admissible in this case under other circumstances. Here, however,
the photograph simply picked itself up off of counsel's table and floated into evidence
without the shepherding wings of a sponsoring witness. (2) Photographs cannot walk into
evidence by themselves. They must be talked into evidence by a witness. 

 The probative value of a photograph that floats into evidence by itself is virtually nil. 
Looking at this exhibit in a vacuum tells us nothing about the defendant, the victim, the
offense, or the context. It is simply a photograph of a live child or of a fetus with a portion
of the umbilical cord attached. What, exactly, is the point? Only a witness could explain
how this exhibit is probative to some aspect of the punishment phase of this trial.

 I fully agree with the majority's discussion of the specific factors to consider and
weigh in balancing probative value and prejudicial effect under Rule 403 and with its
conclusion that, under these particular circumstances, the trial judge abused his discretion
in admitting State's Exhibit 66.

Cochran, J.

Filed:

Publish 
1. It goes without saying that I agree entirely with the statements contained in the law review
article cited by the dissent.
2. Although the State did attempt to offer this exhibit through the medical examiner during the
guilt-innocence stage of trial, the defense objected and the trial judge sustained that objection.